JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PABLO JOSE VALLES CHIRINOS

**(b)** County of Residence of First Listed Plaintiff   **Suffolk**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Michael Nam-Krane, PO BOX 301218
Boston, MA 02130, 617.699.4121

### DEFENDANTS

ANTONE MONIZ, PATRICIA HYDE, MICHAEL KROL, TODD LYONS, KRISTI NOEM

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 862 Black Lung (923) | |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☒ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code § 2241

Brief description of cause:
Petition to secure release of asylum seeker from ICE detention

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
0

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
6/5/25

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Chirinos v. Moniz, et al

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    [ ]  I.    160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]  II.    110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

    [✓]  III.    120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560, 625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.

        *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    NA

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

    YES [ ]    NO [✓]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES [ ]    NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES [✓]    NO [ ]

    A.    If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [✓]    Central Division [ ]    Western Division [ ]

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

    YES [ ]    NO [✓]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Michael A. Nam-Krane

ADDRESS PO BOX 301218 Boston, MA 02130

TELEPHONE NO. 617.699.4121

(CategoryForm11-2020.wpd )

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PABLO JOSE VALLES CHIRINOS,     ) | Case No. _25-cv-11641_ |
|     ) | |
|         Petitioner,     ) | |
|     ) | **PETITION FOR WRIT OF** |
| v.     ) | **HABEAS CORPUS** |
|     ) | |
| ANTONE MONIZ, Superintendent, Plymouth   ) | |
| County Correctional Facility, | |
| PATRICIA HYDE, Field Office Director,   ) | |
| MICHAEL KROL, HSI New England Special   ) | |
| Agent in Charge, and TODD LYONS, Acting   ) | |
| Director U.S. Immigrations and Customs   ) | |
| Enforcement, and KRISTI NOEM, U.S. Secretary  ) | |
| of Homeland Security,   ) | |
|     ) | |
|         Respondents.     ) | |
| _____) | |

## INTRODUCTION

1. Petitioner Pablo Jose Valles Chirinos is a Venezuela national in valid Temporary Protected Status with an Application for Asylum and Withholding of Removal pending with the Executive Office of Immigration Review. On information and belief, he was detained by federal immigration agents on Tuesday May 27, 2025, in Dorchester, Massachusetts, and is or will be unlawfully denied access to a bond hearing.  Additionally, after Mr. Valles Chirinos was arrested, he was asked to sign documents in a language that he did not understand. See Attached Exhibit A "Declaration of Pablo J. Valles Chirinos"

1

2. Accordingly, to vindicate Petitioner's constitutional rights, this Court should grant the instant petition for a writ of habeas corpus.

## JURISDICTION

1. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

2. Venue is proper because Petitioner resides in Dorchester, MA and was detained in Dorchester, MA, and on information and belief is detained in the District of Massachusetts.

## PARTIES AND FACTS ALLEGED

3. The Petitioner Pablo Jose Valles Chirinos resides in Dorchester, Massachusetts with his wife and two children.

4. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

5. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

6. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

7. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

8. Respondent Antone Moniz is the Superintendent of the Plymouth County

Correctional Facility and is petitioner's immediate custodian.

9. All respondents are named in their official capacities.

10. Petitioner is a Venezuelan national in valid Temporary Protected Status with an Application for Asylum and Withholding of Removal pending with the Executive Office of Immigration Review.  On information and belief, he was detained by U.S. Immigration and Customs Enforcement agents on May 27, 2025, and is currently in custody in the District of Massachusetts, and one or more of the Respondents is his immediate custodian.

11. Mr. Valles Chirinos was detained by ICE on May 27, 2025, at or around 5:00 PM, after appearing at Dorchester District Court, right outside the Courthouse. See Attached Exhibit B

12. He was held at the Burlington, Massachusetts ICE office in substandard conditions for two days before being transferred to Plymouth. While at Burlington, he was presented with documents in English—a language he does not understand. One officer who spoke Spanish briefly explained that he had "two options"—to request a hearing with an immigration judge or to waive that right—but explicitly stated that "both options would lead to the same result" and that he would be deported regardless.

13. The officer minimized the legal significance of Mr. Valles Chirinos's status, despite the fact that he currently holds Temporary Protected Status (TPS), a

3

valid work permit, and has an asylum hearing pending before the immigration court in 2027. When he attempted to explain this, the officer dismissed his explanation and told him that "on Donald Trump's orders, they are deporting the illegals." This statement created a false impression that his immigration status was meaningless and that he had no hope of remaining in the United States.

14. Mr. Valles Chirinos appears to have signed two documents without understanding their contents, and without any opportunity to consult with counsel.  It appears that one of those documents was likely a custody determination form, and the nature of the other is presently unknown.

15. Regardless of what he might have signed, it appears that Mr. Vales Chirinos is being held without opportunity for a bond hearing.  On information and belief, he was released and should have been the opportunity for bond. *Matter of Q.Li*, 29 I&N Dec. 66, 69-70 (BIA 2025).

16. On May 15, 2025, the Board of Immigration Appeals issued a precedential decision that certain noncitizens who were initially detained by DHS while arriving in the United States, released, and then redetained, may be ineligible for a custody redetermination hearing before the Immigration Judge because their detention is controlled by INA § 235(b), 8 U.S.C. § 1225(b). *Matter of Q.Li*, 29 I&N Dec. 66, 69-70 (BIA 2025).

17. While Mr. Valles Chirinos was initially detained in 2022 shortly after entering the United States, his I-286 Notice of Custody Determination, designated his detention as falling under INA § 236 (8 U.S.C. § 1226). See Attached Exhibit C "Immigration Records"

18. He was order released. See Exhibit C

19. To the extent that DHS submits that Mr. Valles Chirinos is precluded from a custody redetermination hearing before the immigration judge pursuant to *Matter of Q.Li*, such preclusion is a violation of procedural due process rights to a custody redetermination hearing.  It is further an unlawful application of the 8 U.S.C. § 1225(b).

20. As of this writing, Mr. Valles Chirinos may be in transit.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

21. On information and belief, Petitioner's detention is in violation of his constitutional rights to due process of law.

22. Petitioner cannot be detained for, or subjected to, Expedited Removal because he has been continuously present in the United States for greater than two years.

23. The Expedited Removal statute largely "precludes judicial review," and therefore challenges to "confinement and removal" under that statute fall

within the "core" of the writ of habeas corpus. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006-07 (2025); *cf. Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, (2020) (holding attempt "to obtain additional administrative review of his asylum claim" after Expedited Removal order was outside the "core" of habeas relief).

24. Accordingly, to the extent 8 U.S.C. § 1252(e)(2) purports to preclude habeas review of whether Petitioner is ineligible for detention and removal via Expedited Removal due to the length of his presence in the United States, that limitation violates the Suspension Clause and is void and without effect.

25. Indeed, if there were no judicial review whatsoever of the immigration agencies' determinations that people have been present for less than two years, then the immigration agencies would be free to find that essentially any arrested noncitizen without status is subject to Expedited Removal, in direct violation of the procedures and safeguards required for removal proceedings by the laws and Constitution of the United States.

26. Even assuming Petitioner is eligible for detention for removal proceedings, he has not been served with any NTA to initiate any such proceedings, and he has not been provided any opportunity to receive a bond hearing to which is he entitled during any such proceedings. The only current basis for Petitioner's detention and potential deportation—Expedited Removal—is one

that categorically does not apply to him.

## COUNT TWO
### Violation of enabling statutes and common law privilege against civil arrest

27. For more than two centuries, courts, including the Supreme Court and this Court, have strictly enforced a "well settled" and "absolute" common-law privilege against civil arrest of those attending court on official business, recognizing that the judicial system cannot function if victims, parties, and witnesses are deterred from appearing in court by the threat that their appearance could be used as a trap. E.g., Stewart v. Ramsay, 242 U.S. 128, 129-130 (1916); Larned v. Griffin, 12 F. 590, 594 (D. Mass. 1882).

28. In complete disregard for that well recognized limitation on the government's civil-arrest power, United States Immigration and Customs Enforcement ("ICE") has ordered its agents to arrest the Petitioner appearing in court—an arrest based on alleged civil, not criminal, immigration infractions.

29. Congress did not grant ICE the authority to violate the common-law privilege and civilly arrest parties, witnesses, and others attending court on official business, and ICE's Directive authorizing these arrests is thus "in excess of statutory jurisdiction, authority, or limitations" and must be "set aside" under the Administrative Procedure Act. 5 U.S.C. § 706(2). As a federal agency, ICE "literally has no power to act . . . unless and until

Congress confers powers upon it." La. Pub. Serv. Comm'n v. FCC, 476 U.S. 355, 374 (1986).

30. The INA confers only a general civil-arrest power—the statute is silent concerning the scope of that power. See 8 U.S.C. §§ 1226(a), 1357(a)(2).

31. Under longstanding principles of statutory interpretation, such a Congressional authorization of a well-understood power like civil arrest presumptively carries with it the limitations that accompanied that power at common law. See, e.g., United States v. Texas, 507 U.S. 529, 534 (1993); Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 129 (2014).

32. That interpretive principle is directly applicable here: Congress's general grant of civil-arrest power does not give ICE unbridled authority to conduct civil arrests whenever and however it wants, but instead incorporates within it the common-law limitations on the civil-arrest power, including the well-settled common-law rule that the government cannot civilly arrest victims, witnesses, and parties appearing in court.

33. This interpretation is further supported by the serious constitutional questions that would arise from authorizing federal agents to conduct civil arrests against victims, witnesses, and parties attending state courts.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Massachusetts;

(3) Order to halt any removal efforts until Petitioner has had the opportunity to fully and fairly present his case before an immigration judge

(4) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(5) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment.

(6) Declare the Petitioner's detention violates the common-law privilege against civil arrest and is an ultra vires application of ICE's enabling statutes..

(7) Order Petitioner's release from custody.

(8) Grant any further relief this Court deems just and proper.

Respectfully submitted,

/Michael A. Nam-Krane
BBO# 636003
PO BOX 301218
Boston, MA 02130
Phone: 617.699.4121
Fax: 617.344.3099
michael@bostonjustice.net
Dated: June 5, 2025    *Counsel for Petitioner*

9

**EXHIBIT A**

DECLARATION OF PABLO J. VALLES CHIRINOS

I, Pablo Valles, swear and declare the following:

1. My complete name is Pablo Jose Valles Chirinos.

2. I was detained by ICE on Tuesday, May 27, 2025, in Dorchester, Massachusetts.

3. They transported me to the ICE office in Burlington, Massachusetts. They told me that they were going to process me for deportation.

4. I was in Burlington from Tuesday evening until Thursday, May 29, 2025. During that time I was in a very crowded room with other men. We slept on the floor and ate in the same room. We could not take showers. In the afternoon of May 29th, they transported me to Plymouth, Massachusetts.

5. Before moving me to the Plymouth institution, I went through a few brief questions to process my transfer.

6. I spoke with an official in Burlington. She presented me with two documents, both in English. I don't read or speak English. The officer who interviewed me already knew about my procedure. I understood that she knew everything that happened in Dorchester, and that she also knew about my immigration case. She spoke Spanish.

7. I told her that my wife had dropped the charges against me. She told me it wasn't important.

8. When she presented me with one of the documents, she simply told me I had two options. She told me I could request a hearing with an immigration judge, or the alternative was not to request a hearing.

9. She told me the same way, both options were not going to solve my problem.

10. She told me that if I asked for a judge anyway, there was no chance of me staying in this country because I was illegal.

11. I explained to her that I have my papers including permission to work, social, TPS, and I am in the asylum process in the immigration court in 2027.

12. Her reaction and response were that on Donald Trump's orders, they are deporting the illegals.

**DECLARATION OF PABLO J. VALLES CHIRINOS**

**EXHIBIT A**

13. At this point I understood that the outcome of both options was practically the same, and I would be deported from the United States.

14. I already felt like my immigration status didn't have validity because I'd been detained by ICE, and I thought everything was going to be canceled. That's why my decision was based on a lack of knowledge.

15. The officer gave me a copy of the custody determination notice with the officers' signatures but without my selection and signature. I signed a second form, but I didn't receive a copy of the second one from the officer who interviewed me, and I don't know what I signed.

16. At the moment I signed the documents, I felt very helpless and confused because the officer explained to me that the outcome of both options was the same and that I would be deported in the same way.

17. Now I understand that both options are different, and I also want to have the opportunity to speak with a judge to determine my case. I want to cancel the incorrect decision I made when I signed the papers in Burlington.

18. I'm very afraid of returning to Venezuela for myself and my family. The regime is threatening my family against my brother. We have physical similarities, which puts us both at risk. I'm afraid they'll mistake me, hurt me, and kill me.

19. I want to stay in the US to continue completing the asylum process and follow the rules the judge requires so I don't have any misdemeanors when I arrive.

20. I also want to stay with my family here and follow the same immigration process we all followed to protect my children, my wife, and me.

    This is my statement, the truth of which is based on my evidence.


Date Signed:  June 1, 2025          /s/  Pablo Jose Valles Chirinos


**DECLARATION OF PABLO J. VALLES CHIRINOS**

**EXHIBIT A**

Declaración de Pablo J. Valles Chirinos

Yo, Pablo Valles, juro y declaro lo siguiente:

1. Mi nombre completa es Pablo Jose Valles Chirinos.

2. Yo estaba detenido por ICE el día Martes, 27 de Mayo de 2025, en Dorchester, Massachusetts.

3. Me transportaron a la oficina de ICE in Burlington, MA. Me dijeron que va a procesarme para mí deportación.

4. Estaba en Burlington desde Martes por la noche hasta Jueves, 29 de Mayo, 2025. Durante ~~este~~ ese tiempo estuve en una habitación muy concurrida con otros hombres. Dormíamos en el suelo y comíamos en la misma habitación. No podíamos ducharnos. Por la tarde de 29 de Mayo, me transportaron a Plymouth, MA.

5. Antes de trasladarme a la institución de Plymouth, pasé por unas breves preguntas para procesarme a mi traslado.

6. Hablé con un oficial en Burlington. Ella me presentó dos documentos que eran en Inglés. Yo no leo o hablo Inglés. La oficial que me dió la entrevista ya sabía

**DECLARATION OF PABLO J. VALLES CHIRINOS**

**EXHIBIT A**

sobre mi procedimiento. Yo entendí que ella sabía todo lo que pasó en Dorchester, y que ella sabía también mi caso con inmigración. Ella habló español.

7. Respondí a ella que mi esposa había retirado los cargos contra mí. Ella me dijo que no era importante.

8. Cuando ella me presentó uno de los documentos, ella solamente me dijo que tenía dos opciones. Ella le dijo que puedo pedir una audiencia con un juez de inmigración o la alternativa es que no pido una audiencia.

9. Ella me dijo de igual manera, ambos opciones no iban a dar solución a mi problema.

10. Ella me dijo que si pedía un juez de igual manera no había probabilidades de quedarme en este país porque yo era ilegal.

11. Yo le expliqué a ella que tengo mis papeles incluyendo permiso a trabajar, social, TPS y estoy en proceso de asilo en la corte de inmigración en 2027.

12. La reacción de ella y la respuesta fueron que por orden de Donald Trump ellos están deportando los ilegales.

13. En este momento yo entendí que la resulta de ambos opciones era igual, en ambas opciones yo estaría deportado fuera de los Estados Unidos.

**DECLARATION OF PABLO J. VALLES CHIRINOS**

**EXHIBIT A**

14. Ya me sentí que mi estatus migratorio no tenía validación porque me había detenido ICE y pensaba que todo iba estar cancelado. Por eso fue mi decisión por falta deconocimiento.

15. La oficial me dió una copia de la noticia de determinación de custodia con las firmas de los oficiales pero sin la selección y firma mío. Firmé segunda oja pero no recibí una copia de la segunda por parte de la oficial que me entrevistó, y no sé lo que firmé.

16. En el momento que yo firmé los documentos, sentía mucha impotencia y confusión porque la oficial me explicó que la resulta de las dos opciones eran igual y igual manera iba ser deportado.

17. Ahora yo entiendo que ambos opciones son diferente y también me da la oportunidad de poder hablar con un juez para determine micaso. Quiero cancelar la decisión incorrecta que tomé en el momento que firmé la oja en Burlington.

18. Tengo mucho miedo a regresar a Venezuela para mi y mi familia. Ya que hay amenazas a mi familia por parte del regimen. contra mi hermano. Ya que tenemos parecidos físicos que nos ponen en riesgo ambos. Tengo miedo que me confundan, me lastimen,

**DECLARATION OF PABLO J. VALLES CHIRINOS**

**EXHIBIT A**

19. Quiero quedar en los EEUU para seguir cumpleando con mi estatus de asito y seguir las reglas que la juez me pida para no tener faltas en el futuro a llegar.

(el proceso)

20. Tambien quiero quedarme con mi familia aqui y seguir el mismo proceso migratorio que todo llevamos para proteger mis hijos, mi esposa, y a mi.

Esto es mi declaración y la verdad que doy por hecho todas mis pruebas.

Fecha de Firma:
1 de Junio de 2025        Pablo Jose Valles Chirinos

**DECLARATION OF PABLO J. VALLES CHIRINOS**

**EXHIBIT B**

# 2507CR001433 Commonwealth vs. Valles Chirinos, Pablo J

Case Type:
Criminal

Case Status:
Open

File Date
05/27/2025

DCM Track:

Initiating Action:
A&B ON FAMILY / HOUSEHOLD MEMBER c265 §13M(a)

Status Date:
05/27/2025

Case Judge:

Next Event:
07/08/2025

| All Information | Party | Charge | Event | Docket | Disposition |
|---|---|---|---|---|---|

## Party Information

Valles Chirinos, Pablo J
- Defendant

Alias

**Party Attorney**
Attorney
Lee, Esq., Sabrina G
Bar Code
712245
Address
Phone Number

More Party Information

## Party Charge Information

Valles Chirinos, Pablo J
- Defendant
Charge # 1
265/13M/B-0 - Misdemeanor - more than 100 days incarceration    A&B ON FAMILY / HOUSEHOLD MEMBER c265 §13M(a)

Original Charge
265/13M/B-0 A&B ON FAMILY / HOUSEHOLD MEMBER c265 §13M(a)
(Misdemeanor - more than 100 days incarceration)
Amended Charge

Valles Chirinos, Pablo J
- Defendant
Charge # 2
268/13B/A-5 - Felony    WITNESS/JUROR/POLICE/COURT OFFICIAL, INTIMIDATE c268 §13B

Original Charge
268/13B/A-5 WITNESS/JUROR/POLICE/COURT OFFICIAL, INTIMIDATE c268
§13B (Felony)
Amended Charge

**EXHIBIT B**

- **Valles Chirinos, Pablo J**
  **- Defendant**
  **Charge # 3**
  **266/127/C-1 - Misdemeanor - more than 100 days incarceration**    DESTRUCTION OF PROPERTY -$1200, MALICIOUS c266 §127
- Original Charge
  - 266/127/C-1 DESTRUCTION OF PROPERTY -$1200, MALICIOUS c266 §127
    (Misdemeanor - more than 100 days incarceration)
  - Amended Charge
  -

## Events

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|
| 05/27/2025 09:00 AM | Arraignment (1st) Session | | Arraignment | | Held - Personal Recog. Release |
| 07/08/2025 09:00 AM | 6th Session | | Pretrial Hearing | | |

## Docket Information

| Docket Date | Docket Text | Amount Owed | File Ref Nbr | Image Avail. |
|-------------|-------------|-------------|--------------|--------------|
| 05/27/2025 | Criminal Complaint issued from Electronic Application: Originating Court: BMC Dorchester Case Number: 2507AC002003-AR Receiving Court: BMC Dorchester ; | | | |
| 05/27/2025 | Complaint issued upon new arrest. | | | |
| 05/27/2025 | Event Resulted: Arraignment scheduled on: 05/27/2025 09:00 AM Has been: Held - Personal Recog. Release Hon. Jonathan R Tynes, Presiding | | | |
| 05/27/2025 | Defendant arraigned before Court, advised of right to counsel. Judge: Tynes, Hon. Jonathan R | | 1 | |
| 05/27/2025 | Court inquires of Commonwealth if abuse defined by C209A §1 occurred in connection with charged offense. Judge: Tynes, Hon. Jonathan R | | | |
| 05/27/2025 | Commonwealth's request for finding under C276 §56A filed. Judge: Tynes, Hon. Jonathan R | | 2 | |
| 05/27/2025 | Court finds abuse is alleged in connection with the charged offense. C276 §56A. Judge: Tynes, Hon. Jonathan R | | 3 | |
| 05/27/2025 | Plea of Not Guilty entered on all charges. Judge: Tynes, Hon. Jonathan R | | | |
| 05/27/2025 | Bail revocation warning (276/58) given to the defendant Judge: Tynes, Hon. Jonathan R | | | |
| 05/27/2025 | Released on Personal Recognizance Judge: Tynes, Hon. Jonathan R | | | |
| 05/27/2025 | Appearance filed On this date Sabrina G Lee, Esq. added as Appointed - Indigent Defendant for Defendant Pablo J Valles Chirinos Appearance filed for the purpose of Case in Chief by Judge Hon. Jonathan R Tynes. | | 4 | |
| 05/27/2025 | Special Conditions of release in addition to bail or recognizance imposed:No Abuse | | | |

**EXHIBIT B**

| **Docket Date** | *Docket Text* | **Amount Owed** | **File Ref Nbr.** | *Image Avail.* |
|---|---|---|---|---|
| | A/V. | | | |
| | Judge: Tynes, Hon. Jonathan R | | | |
| 05/27/2025 | Participants at Court Event - Defendant Before. Court - Defense Attorney Lee - Assistant District Attorney Hysenaj - Probation Representative Brown - Session Clerk - K. Murphy - Courtroom and Time - 1st @4:50pm. | | | |
| | Judge: Tynes, Hon. Jonathan R | | | |

## Case Disposition

| **Disposition** | **Date** | **Case Judge** |
|---|---|---|
| Pending | 05/28/2025 | |

EXHIBIT C

DEPARTMENT OF HOMELAND SECURITY
**NOTICE TO APPEAR**



#2

In removal proceedings under section 240 of the Immigration and Nationality Act:

Subject ID: 376417373    FINS #: 1318227619
DOB: 10/19/1991

File No: A240 651 738

In the Matter of:

Event No: DRS2203000655

Respondent:    PABLO JOSE VALLES-CHIRINOS

currently residing at:

275 WEST BROADWAY  BOSTON, MASSACHUSETTS, 02127    +1 (617)-464-8500

(Number, street, city, state and ZIP code) | (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of VENEZUELA and a citizen of VENEZUELA ;
3. You arrived in the United States at or near DEL RIO, TX , on or about March 23, 2022 ;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212 (a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Secretary of Homeland Security.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8CFR 208.30    ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

15 New Sudbury St ROOM 320  Boston MA US 02203

(Complete Address of Immigration Court, including Room Number, if any)

on  May 31, 2022    at  08:30 AM    to show why you should not be removed from the United States based on the

(Date)    (Time)

charge(s) set forth above.    MAURICIO BENAVIDES    ACTING PATROL AGENT IN CHARGE

MAURICIO BENAVIDES
Date: 2022.03.27 10:05:27 -05:00
0921747637 CBP
(Signature and Title of Issuing Officer) (Sign in ink)

Date: March 27, 2022    LAREDO, TEXAS

(City and State)

DHS Form I-862 (2/20)    Page 1 of 3

**IMMIGRATION RECORDS**

**EXHIBIT C**

### Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

DHS Form I-862 (2/20)

**IMMIGRATION RECORDS**

**EXHIBIT C**

DEPARTMENT OF HOMELAND SECURITY
## NOTICE OF CUSTODY DETERMINATION

| | |
|---|---|
| Alien's Name: **PABLO JOSE VALLES-CHIRINOS** | A-File Number: **A240 651 738** |
| | Date: **03/27/2022** |

Event ID: **DRS2203000655**    Subject ID: **376417373**    FIN: **1318227619**

---

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be:

☐ Detained by the Department of Homeland Security.

☒ Released (check all that apply):

☐ Under bond in the amount of  $ _____

☒ On your own recognizance.

☐ Under other conditions. [Additional document(s) will be provided.]

| MAURICIO BENAVIDES<br>Date: 2022.03.27 11:06:03 -05:00<br>0921747637.CBP | |
|---|---|
| **MAURICIO BENAVIDES** | **03/27/2022 1038** |
| Name and Signature of Authorized Officer | Date and Time of Custody Determination |
| **ACTING PATROL AGENT IN CHARGE** | **LAREDO, TEXAS** |
| Title | Office Location/Address |

---

You may request a review of this custody determination by an immigration judge.

☒ I acknowledge receipt of this notification, and

☒ I **do** request an immigration judge review of this custody determination.

☐ I **do not** request an immigration judge review of this custody determination.

| # Refused to Sign | |
|---|---|
| Signature of Alien | **03/27/2022** |
| | Date |

---

The contents of this notice were read to **PABLO JOSE VALLES-CHIRINOS** in the **SPANISH** language.

| (Name of Alien) | (Name of Language) |
|---|---|
| MANUEL D JASSO III<br>Date: 2022.03.27 09:38:29 -05:00<br>0605527264.CBP | |
| **JASSO III, MANUEL** | |
| Name and Signature of Officer | Name or Number of Interpreter (if applicable) |
| **Border Patrol Agent** | |
| Title | |

DHS Form I-286 (1/14)

**IMMIGRATION RECORDS**

**EXHIBIT C**

U.S. Department of Homeland Security                    **Warrant for Arrest of Alien**

File No. __A240 651 738__

Event No:DRS2203000655

FINS #:1318227619                    Date: __March 27, 2022__

**To any officer delegated authority pursuant to Section 287 of the Immigration and Nationality Act:**

From evidence submitted to me, it appears that:

__PABLO JOSE VALLES-CHIRINOS__
(Full name of alien)

an alien who entered the United States at or near _____ DEL RIO, TEXAS _____ on
(Port)

__March 23, 2022__ _____ is within the country in violation of the immigration laws and is
(Date)

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I command you to take the above-named alien into custody for proceedings in accordance with the applicable provisions of the immigration laws and regulations.

MAURICIO BENAVIDES
Date: 2022.03.27 11:05:52 -05'00
0921747637.CBP
(Signature of Designated Immigration Officer)

**MAURICIO BENAVIDES**
(Print name of Designated Immigration Officer)

**ACTING PATROL AGENT IN CHARGE**
(Title)

---

**Certificate of Service**

Served by me at __LAREDO, TEXAS__ _____ on __March 27, 2022__ at __09:33 AM__ .
I certify that following such service, the alien was advised concerning his or her right to counsel and was furnished a copy of this warrant.

MANUEL D JASSO III
Date: 2022.03.27 09:38:11 -05'00
0605527264.CBP

**MANUEL JASSO III**
(Signature of officer serving warrant)

**BORDER PATROL AGENT**
(Title of officer serving warrant)

Form I-200 (Rev. 08/01/07) N

**IMMIGRATION RECORDS**